PONDER, Judge.
Defendant reconvened for damages for wrongful issuance of a writ of attachment. The trial court awarded $1,500.00 including attorney’s fees. Plaintiff appealed the award and defendant answered, requesting damages for frivolous appeal.
We amend and affirm.
Defendant, a debtor of plaintiff, was in the process of selling a piece of property when plaintiff filed suit for the debt and requested that a writ of attachment issue.
The property was sold before the writ was issued. Plaintiff’s witnesses testified they believed that the debt would not be paid from the proceeds of the sale. Defendant’s witnesses testified he intended to pay the debt and did not intend to place his property beyond the reach of creditors. Defendant’s wife testified to being embarrassed when told that a writ was being issued and again when the writ was served on her. Defendant did not testify. There was no proof of any actual damages other than attorney’s fees or of any embarrassment to defendant.
The court may allow damages for wrongful issuance of a writ of attachment. C.C.P. 3506. No malice was proved on plaintiff’s part; therefore only actual damages can be recovered by defendant. Baham v. Sutherland, 197 So.2d 345 (La.App. 4th Cir.).
Furthermore, we note that Lyman Crovetto was the sole defendant; that he filed an answer; that the plural “defendants” is used only in the “Motion to Dissolve Attachment; ” that the “Judgment Dissolving Writ of Attachment and Granting Damages for Wrongful Attachment” refers only to Lyman Crovetto, plaintiff in rule. Yet the sole testimony of any embar *110 rassment is that of the wife. No damages should have been awarded to Mr. Crovetto for the embarrassment suffered by his wife. R.C.C. 2402; Pisciotta v. Du Saules, 125 So.2d 181 (4th Cir. 1960).
Defendant’s attorney testified that she had spent 4V2 hours outside court and 8 hours in court on the case and that her fee was $55.00 per hour outside court and $65.00 per hour in court. We therefore award $767.50 for attorney’s fees.
For these reasons the judgment of the trial court is amended to reduce the award from $1,500.00 to $767.50. The costs of this appeal are to be divided equally between the appellant and the appellee. The request for damages for frivolous appeal is denied.
AMENDED AND, AS AMENDED, AFFIRMED.